IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WESLEY KEN COOLEY, et al., | § |
| | § |
| Plaintiffs-counterdefendants, | § |
| | § Civil Action No. 3:14-CV-1181-D |
| VS. | § |
| | § |
| DEUTSCHE BANK NATIONAL | § |
| TRUST COMPANY, AS TRUSTEE | § |
| FOR AMERIQUEST MORTGAGE | § |
| SECURITIES, INC., ASSET-BACKED | § |
| PASS-THROUGH CERTIFICATES, | § |
| SERIES 2004-R10, | § |
| | § |
| Defendant-counterplaintiff. | § |

MEMORANDUM OPINION
AND ORDER

In this removed action arising from the attempted foreclosure of the residence of plaintiffs-counterdefendants, defendant-counterplaintiff moves to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted. For the reasons that follow, the court grants the motion, and allows plaintiffs-counterdefendants to replead.

I

This is a suit by plaintiffs-counterdefendants Wesley Ken Cooley and Pamela Ruth Cooley (collectively, "the Cooleys") against defendant-counterplaintiff Deutsche Bank National Trust Company, as Trustee for Ameriquest Mortgage Securities Inc., Asset-Backed Pass-Through Certificates, Series 2004-R10 ("Deutsche Bank"). The Cooleys allege that Deutsche Bank violated Tex. Const. Ann. art. XVI §§ 50(a) and 50(a)(6)(Q)(x), and they

seek damages and a declaratory judgment that the deed of trust and lien claimed on their property are invalid because they do not secure a debt described by Tex. Const. Ann. art. XVI, § 50. The Cooleys allege in their state court petition that, on August 9, 2004, they refinanced their homestead located in Irving, Texas, executing a promissory note and deed of trust for the benefit of Ameriquest Mortgage Company.[1] The promissory note was in the sum of $208,000, which plaintiffs allege is more than 80% of the fair market value of the property.

Deutsche Bank is the current owner and holder of the note and deed of trust. In December 2013 Deutsche Bank attempted a forced sale of the Cooleys' property by filing an application for an order of foreclosure. On February 25, 2014 they filed the instant suit in state court seeking a declaratory judgment that the deed of trust and lien on their property are invalid because they do not secure a debt described by Tex. Const. Ann. art. XVI, § 50. Deutsche Bank removed the case to this court and now moves to dismiss under Rule 12(b)(6), contending that all of the Cooleys' claims are barred by the applicable statute of limitations.

II

"'Although dismissal under Rule 12(b)(6) is ordinarily determined by whether the facts alleged in the complaint, if true, give rise to a cause of action, a claim may also be

---

[1] In deciding defendant's Rule 12(b)(6) motion, the court construes the Cooleys' state court petition in the light most favorable them, accepts as true all well-pleaded factual allegations, and draws all reasonable inferences in their favor. *See, e.g., Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004).

dismissed if a successful affirmative defense appears clearly on the face of the pleadings.'" *Sivertson v. Clinton*, 2011 WL 4100958, at *2 (N.D. Tex. Sept. 14, 2011) (Fitzwater, C.J.) (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)); *see also White v. Padgett*, 475 F.2d 79, 82 (5th Cir. 1973) (holding that claim is "subject to dismissal under Rule 12(b)(6) . . . when [an] affirmative defense clearly appears on the face of the complaint."). "In the usual case, this court is unable to grant dismissal under Rule 12(b)(6) based on an affirmative defense because it rarely appears on the face of the complaint." *Simon v. Telsco Indus. Emp. Benefit Plan*, 2002 WL 628656, at *1 (N.D. Tex. Apr. 17, 2002) (Fitzwater, J.). Furthermore, "[i]t is well settled . . . that in order for a defendant to prevail on the basis of limitations at the pleadings stage, the plaintiff must normally plead [it]self out of court." *W. Fork Partners, L.P. v. Chesapeake Exploration, L.L.C.*, 2009 WL 2252505, at *5 (N.D. Tex. July 29, 2009) (Fitzwater, C.J.) (quoting *Funches v. City of Dallas*, 1999 WL 261842, at *2 (N.D. Tex. Apr. 28, 1999) (Fitzwater, J.)) (alteration in original).

III

The Cooleys allege that Deutsche Bank violated the Texas Constitution because the loan amount on their homestead is more than 80% of the fair market value of the property.[2] Deutsche Bank moves to dismiss this claim on the ground that it is barred by the Texas

---

[2] Under Texas law, "[n]o mortgage, trust deed, or other lien on the homestead shall ever be valid unless it secures a debt described by" § 50 of Article XVI to the Texas Constitution. Tex. Const. Ann. art. XVI, § 50(c). Section 50(a)(6) contains numerous requirements to which a home equity loan must adhere. Section 50(a)(6)(B) prohibits loans that, when added to the principal balances of all other liens against the home, exceed 80% of the home's fair market value.

residual four-year statute of limitations.

As noted above, for Deutsche Bank to be entitled to dismissal at the Rule 12(b)(6) stage based on limitations, the Cooleys must normally plead themselves out of court. The court holds that they have. In their state court petition, the Cooleys allege that, on or about August 9, 2004, they refinanced their property, closed on the property, and executed the promissory note and deed of trust at issue. They filed this lawsuit on February 25, 2014.

In *Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667 (5th Cir. 2013), the Fifth Circuit held that suits that seek to invalidate homestead liens that contravene the state constitution are governed by the Texas residual four-year limitations period. *Id*. at 673-74.[3] The panel concluded that this limitations period applies to constitutional infirmities under § 50(a)(6), and that claims alleging violations of this constitutional provision accrue at the time the unconstitutional loan is made. *Id*. at 674, 675. Making what is now a common argument, the Cooleys maintain that *Priester* was wrongly decided and that it fails to take into account the Supreme Court of Texas's recent decision in *Finance Commission of Texas v. Norwood*, 418 S.W.3d 566 (Tex. 2013). But the Fifth Circuit continues to follow *Priester*, and it is binding on this court. *See, e.g., Sigaran v. U.S. Bank Nat'l Ass'n*, ___ Fed. Appx. ___, 2014 WL 1688345, at *4 (5th Cir. Apr. 30, 2014) (per curiam).

Based on *Priester*, the court holds that the Cooleys' constitutional claims are subject

---

[3]Under Texas law, a four-year limitations period applies in "[e]very action for which there is no express limitations period, except an action for the recovery of real property." Tex. Civ. Prac. & Rem. Code Ann. § 16.051 (West 2008).

to a four-year statute of limitations that commenced on August 9, 2004, the date the Cooleys refinanced their homestead. The limitations period expired on August 9, 2008. The Cooleys' suit, filed February 25, 2014, is barred under the statute of limitations. *See Priester*, 708 F.3d at 674-75; *see also, e.g., Cypert v. USBC Bank USA Nat'l Ass'n*, 2013 WL 5822339, at *2 (N.D. Tex. Oct. 30, 2013) (Fitzwater, C.J.) (applying *Priester* to plaintiffs' § 50(a)(6) claims and holding that suit was barred by four-year residual limitations period), *appeal docketed*, No. 13-11311 (5th Cir. Dec. 4, 2013). Accordingly, their claims brought under the Texas Constitution are dismissed with prejudice as time-barred.

IV

Deutsche Bank also moves to dismiss the Cooleys' declaratory judgment claim. They seek a judgment under Texas law declaring that the promissory note and deed of trust are invalid because they do not secure a debt described by Tex. Const. Ann. art. XVI, § 50. Applying the federal Declaratory Judgment Act,[4] the court concludes that the Cooleys have failed to state a plausible claim because Deutsche Bank is entitled to dismissal of the predicate for their request for declaratory judgment. *See Cypert*, 2013 WL 5822339, at *3 (dismissing plaintiffs' declaratory judgment where both predicates for plaintiffs' request for declaratory judgment were subject to dismissal).

---

[4]"When a declaratory judgment action filed in state court is removed to federal court, that action is in effect converted into one brought under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202." *Redwood Resort Props., LLC v. Holmes Co.*, 2007 WL 1266060, at *4 (N.D. Tex. Apr. 30, 2007) (Fitzwater, J.) (citing *i2 Techs. US, Inc. v. Lanell*, 2002 WL 1461929, at *7 n.5 (N.D. Tex. July 2, 2002) (Fish, C.J.)).

V

Although the court is granting Deutsche Bank's motion to dismiss under Rule 12(b)(6), it will permit the Cooleys to replead. *See, e.g., In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) (noting that district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing case, unless it is clear that defects are incurable or plaintiffs advise court that they are unwilling or unable to amend in a manner that will avoid dismissal). Because there is no indication that the Cooleys cannot, or are unwilling to, cure the defects that the court has identified, the court grants them 28 days from the date this memorandum opinion and order is filed to file an amended complaint.

\* \* \*

For the foregoing reasons, the court grants Deutsche Bank's motion to dismiss under Rule 12(b)(6) and grants the Cooleys leave to replead.

**SO ORDERED**.

June 3, 2014.

                                                _____
                                                SIDNEY A. FITZWATER
                                                CHIEF JUDGE